UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHANE R. SIMMS,

    Petitioner,

v.                                                 Case No: 5:24-cv-188-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner Shane R. Simms's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) and his Memorandum in Support (Doc. 2). Respondent has filed a Response. (Doc. 11). Mr. Simms did not reply. Upon careful consideration, the Court denies the Petition.

## BACKGROUND

On September 25, 2020, Mr. Simms was charged by information with possession of buprenorphine and driving while license cancelled, suspended or revoked, in Case No. 2020-CF-1050 (Citrus County, Fla.). (Doc. 11-1 at 24–25). On November 8, 2021, Mr. Simms entered a negotiated plea of no contest and was sentenced to 20 months in the Department of Corrections. *See* Doc. 11-1 at 34. Under the plea agreement, Mr. Simms was granted a furlough to visit his sick sister and would not have to report to the Department of Corrections until Monday November 15, 2021, at noon. *Id*. at 106, 110. The agreement further stated that he would be sentenced to

the statutory maximum of five years in prison if he did not report. *Id*. at 3, 110–11.

Mr. Simms did not report to the Department of Corrections by noon on November 15, and the trial court issued an order to take him into custody. *Id*. at 48. On December 13, 2021, he was arrested. *Id*. at 50–51. On January 12, 2022, Mr. Simms was sentenced to 60 months in the Department of Corrections. *Id*. at 55, 59–67. He appealed, *id*. at 79, and the Fifth District Court of Appeal of the State of Florida *per curiam* affirmed the judgment and sentence. *Id*. at 144; *Simms v. State*, 347 So. 3d 362 (Fla. 5th DCA 2022). Mandate issued on October 7, 2022. *Id*. at 146.

On October 6, 2022, Mr. Simms filed a motion for reduction and modification of sentence under Rule 3.800(c), Fla. R. Crim. P. (Doc. 11-1 at 148–51). On March 29, 2023, the trial court denied the motion. *Id*. at 161–62.

On January 18, 2023, Mr. Simms filed a motion for postconviction relief under Rule 3.850, Fla. R. Crim. P. (Doc. 11-1 at 154–59). On March 29, 2023, the trial court denied the motion. *Id*. at 164–66. He appealed, *id*. at 168, and the order was *per curiam* affirmed. *Id*. at 208; *Simms v. State*, 377 So. 3d 607 (Fla. 5th DCA 2023). Mr. Simms's motion for written opinion and rehearing was denied. *Id*. at 211–213, 215. Mandate issued on January 29, 2024. *Id*. at 217.

On April 8, 2024, Mr. Simms filed his petition in this Court under 28 U.S.C. § 2254. (Doc. 1).

## LEGAL STANDARDS

This case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889–90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state court rulings is highly deferential and that state court decisions must be given the benefit of the doubt).

### The AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Marharaj v. Sec'y for Dep't .*

3

*of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the 'contrary to' clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently that [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835–36; 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Double Jeopardy Claim is Meritless

Mr. Simms was sentenced to 60 months in state prison after he failed to turn himself in at the jail. He claims that this violated double jeopardy because he entered a plea agreement where he would receive 20 months. Mr. Simms raised this claim in his Rule 3.850 motion for postconviction relief. (Doc. 11-1 at 156–57). The state court rejected this claim:

4

> Defendant now files the instant motion arguing his sentence is a violation of the double jeopardy clause. Specifically, Defendant alleges that the Court was not authorized to modify Defendant's 20-month sentence for failing to report, and by doing so, the Court resentenced Defendant in violation of the double jeopardy clause.
>
> Upon review of the court file and applicable law, the Court finds Defendant's argument is without merit. Defendant relies on two cases to support his claim, *Morris v. State*, 185 S. 3d 630 (Fla. 5th DCA 2016) and *Ingraham v. State*, 842 So. 2d 954 (Fla. 4th DCA 2003). However, the facts in the instant case differ from *Morris* and *Ingraham*, thereby making both of those cases inapplicable. Unlike in *Morris* and *Ingraham*, Defendant <u>specifically</u> pled to the 60-month sentence if he failed to uphold his end of the plea agreement and turn himself in at the specified date and time. *See attached* Felony Court Order Disposition, November 8, 2021. "The supreme court held in *Quarterman v. State*, 527 So. 2d 1380 (Fla. 1988) that, where a furlough and an enhanced sentence for failure to appear in court at a later time are part of the plea agreement, a court is justified in imposing the enhanced sentence after the defendant fails to appear in court, without giving him an opportunity to withdraw his plea." *Smith v. State*, 988 So. 2d 1258, 1261 (Fla. 5th DCA 2008).
>
> The record shows the Court thoroughly discussed with Defendant prior to the Court accepting the plea the terms of the plea agreement and the consequences for failing to report to the jail at the specified time. *See attached* Sentencing H'rg 2:7–4:6, Nov. 8, 2021. After the Court discussed the terms of the plea, including the resulting 60-month sentence if Defendant failed to report on time, the Court went through the plea colloquy. At the conclusion of that, the Court again inquired if Defendant understood that he was being sentenced to 20-months DOC upon the condition that Defendant report to the Citrus County Jail by 12 noon on November 15th; however, failure to report would convert the 20-month sentence to a 60-month sentence. Defendant affirmed. *See attached* Sentencing H'rg 4:3–8:2, November 8, 2021.

(Doc. 11-1 at 165–66). Mr. Simms appealed to the Fifth DCA. *Id*. at 168; 174–89. The State filed an Answer Brief in opposition. *Id*. at 191–206. The Fifth DCA *per curiam* affirmed the lower court's decision. *Id*. at 208–09. Mr. Simms's motion for written opinion and rehearing was denied. *Id*. at 215.

5

Sworn statements on the record, as well as the judge's findings, pose a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id*. Here, Mr. Simms stated under oath that he understood the consequences of his plea and the plea agreement specifically incorporated the provision of the five-year sentence if he failed to report. This arrangement did not violation double jeopardy.[1]

The state court finding and conclusions regarding this claim were reasonable, in accord with, and not contrary to, clearly established federal law; and were also reasonable in light of the evidenced presented in the state court proceedings. 28 U.S.C. § 2254(d)(1)-(2). This claim is without merit.

## CONCLUSION

Accordingly, the Petition (Doc. 1) is **DENIED**. The Clerk will enter judgment for Respondents and against Mr. Simms and close this case. The Court denies a certificate of appealability, as Mr. Simms has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Because Mr. Simms is not entitled to such a certificate, the Court will not grant in forma pauperis status for an appeal.

---

[1] Florida courts permit what is commonly referred to as a "*Quarterman* agreement," where a trial court allows a defendant to be released after the plea hearing, provided he agrees that, if he fails to appear at the sentencing hearing, the court may impose a sentence greater than the one specified in the plea agreement. *See, e.g.*, *Ingram v. State*, 291 So. 3d 1009, 1010–11 (Fla. 5th DCA 2020).

**DONE AND ORDERED** at Tampa, Florida, on June 4, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Party
Counsel of Record